IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> For the Use and Benefit of ) <br> GULFSIDE SUPPLY, INC. d/b/a ) <br> Gulf Eagle Supply ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALL STATE METALS, INC., ) <br> d/b/a ASM Construction Co., e*t al.*, ) <br> ) <br>     Defendants, ) <br> ) <br> WOODFOREST NATIONAL BANK, ) <br> *et al.*, ) <br> ) <br>     Garnishees. ) | CASE NO. 2:14-MC-3674-WKW <br> [wo] |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), the motion for attorney's fees (Doc. 106, filed 2/15/16) was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 107, entered 2/17/16). For good cause shown, the Magistrate Judge recommends that the motion be **GRANTED in part and DENIED in part** as further discussed below.

### I. BACKGROUND

On February 15, 2016, Plaintiff filed a motion to compel responses to post-judgment written discovery. *See* Doc. 106. Contained within the motion was a request for attorney's fees. The Court issued an order to show cause why the motion should not be granted to which Defendants did not respond. *See* Doc. 108. As such, the Court granted the motion to compel on

March 9, 2016.  The Court held the request for attorney's fees in abeyance and gave defendants time to respond to the request for attorney's fees.  All mail has been returned as undeliverable.

Sufficient time has passed for the Defendants to respond or object to the award of attorney's fees.  Plaintiff requests a total of $1,283.50 for fees and expenses.  *See* Doc. 106 at p. 4-5.  Plaintiff attached supporting documentation including their billing rates and hours spent on this matter.  The Court finds no need for oral argument.

## II.  DISCUSSION AND ANALYSIS

As Plaintiff was successful on the merits of the motion to compel for post-judgment discovery, the Court turns to whether the requested amount of $1,283.50 is reasonable and appropriate.  In evaluating a request for attorneys' fees, the Court applies the "lodestar" method.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).  The "lodestar" is found by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services."  *Neptune Designs*, 469 F.3d at 1359.  The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  To satisfy this burden, the fee applicant shall supply to the court: (1) specific and detailed evidence from which it can determine the reasonable hourly rate for the community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity.  *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

After determining the lodestar, the court then addresses whether the award should be

adjusted upwards or downwards. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66, 106 S. Ct. 3088, 3098-99, 92 L. Ed. 2d 439 (1986); *Neptune Designs*, 469 F.3d at 1359.  In conducting this inquiry, the court is guided by the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  *See also Hensley*, 461 U.S. at 429-30, 103 S. Ct. at 1937-38 (endorsing the *Johnson* factors). These twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3, 103 S. Ct. at 1937 n. 3; *Johnson*, 488 F.2d at 717-19.  Finally, when awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Plaintiff's counsel seeks the following fee award:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Kaplan (Attorney) | 0.4 | $265.00 | $106.00 |
| Hoffman (Attorney) | 2.5 | $285.00 | $712.50 |
| Folkner (Attorney) | 3.1 | $150.00 | $465.00 |
| **Total** | | | **$1,283.50** |

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

### i.     Reasonable hourly rates

Plaintiff's counsel seeks $265.00 per hour for Attorney Kaplan, $285.00 per hour for Attorney Hoffman, and $150.00 per hour for Attorney Folkner. Little information is included as substantiation for those rates. The only reference within the motion is contained within the affidavit of Attorney Bryan S. Kaplan who indicates he has over 8 years of experience in commercial debt litigation. Thus, the Court looked to the firm's website and biographical information on the attorneys.[2] Attorney Kaplan is "Of Counsel" and has been a licensed attorney since 2006 (approximately 10 years). Attorney Hoffman is an "Associate" and has been licensed since 2010 (approximately 6 years). Attorney Folkner is also an "Associate" and has been licensed since 2013 (approximately 3 years).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.3d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S. Ct. 1541, 1547 n. 11, 79 L. Ed. 2d 891 (1984). The Court has reviewed the evidentiary submissions of the Plaintiff with regard to the appropriate rate and considered the arguments made by Plaintiff in the motion.

Plaintiff submitted no information which pertains to the reasonably hourly rate in the prevailing market – the Middle District of Alabama (Northern Division). The only evidence before the court is a brief conclusory statement in Attorney Kaplan's affidavit, wherein he states "[a]n award of $1,283.50 in attorney's fees and costs is more than reasonable in light of the time and labor required to pursue the discoverable information." *See* Doc. 106, Ex. 1, ¶ 11. Although opinion testimony can satisfy the plaintiff's burden to prove reasonable hourly rates, "where there is a lack of documentation, a district court may make an independent judgment based on its

---

[2]   Publicly available at http://www.kkgpc.com/

own experience and knowledge concerning the rates charges by lawyers of similar skill in similar lawsuits in the same market area." *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1254 (M.D. Ala. 2000) (DeMent, J.).

"In the Middle District of Alabama, skilled lawyers with twenty years or more experience may expect to receive $300 an hour, lawyers with ten years or more experience may receive between $200 and $250 an hour, and associates may expect to receive $150-185 an hour. In the Middle District of Alabama, paralegals may expect to receive between $50 and $85 an hour." *Weekes-Walker v. Macon County Greyhound Park, Inc.*, 31 F.Supp.3d 1354, 1360 (M.D. Ala. 2014) (Fuller, J.) (citations omitted); *see also Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008) (Watkins, J.); *Simpleville Music v. Mizell*, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007) (Thompson, J.); *Gaylor v. Comal Credit Union*, Civ. Act. No. 2:10-cv-725-MHT, 2012 U.S. Dis. LEXIS 75972, 2012 WL 1987183 (M.D. Ala. 2012) (Thompson, J.) (using same fee structure).

While findings of other courts with regard to attorney's fees (even those within this same district) are not binding, the undersigned does find, in the Court's experience, the above statement regarding rates is generally accurate within this district though perhaps slightly higher given the passage of time. When looking to the rates requested by Plaintiff's counsel, the Court does find that they merit some reductions. It appears counsels' requested rates are based on the markets in which they practice (Atlanta, GA) and not the prevailing market rate, which, in this case, is that of Montgomery, Alabama. *See Alfa Corp.*, 560 F. Supp. 2d at 1180 (citations omitted); *Simpleville Music*, 511 F. Supp. 2d at 1163 (citation omitted) ("The rate of attorney's fees is that of the place where the case is filed."). The Court finds that the rate for Attorney Kaplan is reasonable given his years of his experience and appropriate for this specific case.

With regard to Hoffman, as a senior associate with 5-6 years of experience, his requested rate of $285.00 is higher than can be expected in this geographical region. Therefore, the Court reduces his rate to $200.00 per hour. The Court finds the rate requested for Attorney Folkner is reasonable at $150.00.

Therefore, the rates are adjusted to reflect the following rates:[3]

| Attorney/Paralegal | Hours | Rate | Total |
| --- | --- | --- | --- |
| Kaplan (Attorney) | 0.4 | $265.00 | $106.00 |
| Hoffman (Attorney) | 2.5 | $200.00 | $500.00 |
| Folkner (Attorney) | 3.1 | $150.00 | $465.00 |
| Total | | | $1,071.00 |

    **ii.**    **Reasonable hours**

Having determined the reasonably hourly rates for the services provided in the case, the Court now must address the number of hours reasonably expended on the matter. The Court finds that based upon the line item description of services that the number requested by Kaplan and Folkner are reasonable. It is clear that the firm utilized Folkner for the bulk of preparation of this motion. However, when considering the *Johnson* factors, in reviewing the 2.5 hours utilized by Hoffman, the Court finds that the work appears duplicative and/or training of a more junior associate. The motion to compel itself is only 4 pages long and all but a few pages of the attachments relate to prior attempts at discovery from 2014-2015. While the attachments were necessary to demonstrate good faith, there was no editing required for those attachments. Thus, 2.5 hours in "revising motion to compel post-judgment discovery; discussing same with AFolkner" is not fully necessary when considering imposing attorney's fees on the opposition.

---

[3]     The finding as to rates here is specific as to market considerations as they apply to the facts in this case.

One hour should have been sufficient to review a 4-page draft motion to compel and 4-page draft affidavit.[4]  Therefore, the rates are further adjusted to reflect the following:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Kaplan (Attorney) | 0.4 | $265.00 | $106.00 |
| Hoffman (Attorney) | 1.0 | $200.00 | $200.00 |
| Folkner (Attorney) | 3.1 | $150.00 | $465.00 |
| **Total** | | | **$771.00** |

### iii.  Adjustment to Lodestar Amount

Computer of the lodestar amount does not necessarily terminate the fee analysis.  After determining the lodestar amount, "the court must next consider the necessity of an adjustment for results obtained."  *Norman*, 836 F.2d at 1302.  The Court generally uses the *Johnson* factors in determining whether an increase or decrease is appropriate.  The Court has already made adjustments when considering the lodestar analysis and finds no grounds to further reduce the lodestar calculation.

### III.  CONCLUSION

Based on the analysis above, it is the **RECOMMENDATION** of the Magistrate Judge that the  petition for attorney's fees (Doc. 106) be **GRANTED in part** and **DENIED in part**.  The motion should be granted to the extent the undersigned finds $771.00 reasonable.  The motion should be denied as to the fees requested exceeding $771.00.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **May 31, 2016**.  Any objections filed must specifically identify the

---

[4] The Court wishes to make clear that there is no finding that the billing is improper, but rather simply that the costs shall not be passed on to the opposing counsel as the time appears to be somewhat duplicative for the purposes of this particular motion, but not as to the case as a whole.

findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th day of May, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE